1   JEFFREY D HOSKING, SBN 163975
      jdh@mhfirm.law
2   **McCAFFERY | HOSKING LLP**
    1777 Botelho Drive, Suite 360
3   Walnut Creek, CA 94596-5084
    Telephone:    925.705.7358
4   Facsimile:    925.705.7131

5   Attorneys for Defendant FlixBus, Inc.

6                  UNITED STATES DISTRICT COURT

7                  CENTRAL DISTRICT OF CALIFORNIA

8

9   ESTATE OF JACKELINE CHAVEZ, by        Case No.
    and through its Successor-in-interest,
10  ELBA PARRA,
                                          **NOTICE OF REMOVAL**
11                        Plaintiff,
                                          Action Filed:  8/24/2023
12        v.                              Trial Date:    Not Set

13  FLIXBUS, INC., and DOES 1 to 50,
    inclusive,
14
                         Defendants.
15

16        **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES**

17  **AND THEIR ATTORNEYS OF RECORD:**

18        **PLEASE TAKE NOTICE THAT** Defendant FlixBus, Inc. hereby removes to this

19  Court the state court action described below.

20        1.      On August 24, 2023, the estate of Jackeline Chavez filed a complaint through

21  its Successor-in-interest, Elba Barra in the Los Angeles County Superior Court.  The matter

22  is styled Estate of Jackeline Chavez, by and through its Successor-in-interest, Elba Parra v.

23  FlixBus, Inc. and Does 1 to 50 inclusive, Docket No. 23STCV20361.  A true and correct

24  copy of the superior court complaint is attached hereto as **Exhibit A**.

25        2.      FlixBus, Inc., was served a copy of the complaint on January 22, 2024.  A true

26  and correct copy of the Proof of Service is included in **Exhibit A**.

27        3.      This Notice of Removal is filed within 30 days of service of plaintiff's

28  complaint on FlixBus, Inc.

**McCAFFERY | HOSKING LLP**
1777 Botelho Drive, Suite 360
Walnut Creek, CA 94596-5084
925.705.7358

4.      FlixBus, Inc. filed an answer to plaintiff's unverified complaint in the Los Angeles County Superior Court on February 13, 2024.  A true and correct copy of the Answer is attached hereto as **Exhibit B**.

5.      FlixBus, Inc. states upon information and belief that the parties to this action were of diverse citizenship at the time the action was filed and that they continue to be of diverse citizenship as of the date of the filing of this Notice of Removal.  FlixBus, Inc. further states upon information and belief that the matter in controversy in this action exceeds $75,000.

6.      According to plaintiff's complaint, plaintiff Jackeline Chavez was a citizen of the State of California at the time of her death on August 10, 2022.  See, Complaint, **Exhibit A**, p. 1, ¶ 1, line 23.

7.      The successor-in-interest, Elba Parra is a citizen of the State of Arizona.  See, Complaint, **Exhibit A**, p. 1, ¶ 1, line 24.

7.      FlixBus, Inc. is a business entity that was incorporated in the State of Delaware.  The principal place of business is in the State of Texas.  FlixBus, Inc. is therefore a citizen of the State of Delaware and of the State of Texas for purposes of diversity jurisdiction.  28 USC § 1332(c)(1).

8.      Upon information and belief, no defendant served in this action is a citizen of the State of California.

9.      Venue is proper in the Central District of California because the state court action is pending in this district and because a substantial portion of the events or omissions giving rise to the claim are alleged to have occurred in the Central District.  28 USC § 1391(b)(2).

10.     This Court has original jurisdiction over this claim pursuant to 28 USC § 1332 because it is a civil action between citizens of different states with an amount in controversy in excess of $75,000.  28 USC § 1332(c)(1).

11.     FlixBus, Inc. is the only non Doe defendant named in the action.  No other defendant has been served in the state court action to the knowledge of FlixBus, Inc.  Doe

**McCAFFERY | HOSKING LLP**
1777 Botelho Drive, Suite 360
Walnut Creek, CA 94596-5084
925.705.7358

2

1  defendants do not need to be notified or joined to this Notice of Removal.  See <u>Fristoe v.</u>

2  <u>Reynolds Metals Co.,</u> (9th Cir. 1980) 615 F.2d 1209, 1213.

3        12.      FlixBus, Inc. is not aware of any related matter pending in this district.

4        13.      FlixBus, Inc. will promptly serve plaintiff with this Notice of Removal and

5  will promptly file a copy of this Notice with the state court as required by 28 USC §1446(d).

6        WHEREFORE, Defendant FlixBus, Inc. respectfully requests that this action be

7  removed to this Court.

8   Dated:  February 16, 2024                    **MᴄCAFFERY | HOSKING LLP**

9

10                                           By:_____

11                                              JEFFREY D HOSKING
                                                Attorneys for Defendant FLIXBUS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
01/22/2024
CT Log Number 545578244

## Service of Process Transmittal Summary

TO:     Gene Nichols
        Flix North America Inc.
        315 CONTINENTAL AVE
        DALLAS, TX 75207-4303

RE:     **Process Served in California**

FOR:    FlixBus, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ESTATE OF JACKELINE CHAVEZ, by and through its Successor-in-interest, ELBA PARRA // To: FlixBus, Inc. |
| **CASE #:** | 23STCV20361 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/22/2024 at 08:17 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Gene Nichols gene.nichols@flixbus.com |
| | Email Notification, Lisa Zemanek lisa.zemanek@flixbus.com |
| | Email Notification, George Cervantes george.cervantes@flixbus.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System 330 N BRAND BLVD STE 700 GLENDALE, CA 91203 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Jan 22, 2024
**Server Name:**                   Michael Barreto

| Entity Served | FLIXBUS INC |
|---|---|
| Case Number | 23STCV20361 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FLIXBUS INC. and DOES 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ESTATE OF JACKELINE CHAVEZ, by and through its Successor-in-interest, ELBA PARRA

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/24/2023 2:50 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 N Hill St, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>23STCV20361 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Seber (SBN 282563) 280 S. Beverly Drive, Penthouse Suite Beverly Hills, California 90212 (310) 651-7438

| DATE:<br>*(Fecha)* 08/24/2023 | Clerk, by<br>*(Secretario)* | David W. Slayton, Executive Officer/Clerk of Court<br>Y. Ayala | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* FLIXBUS INC.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jonathan Seber (SBN 282563)
280 S. Beverly Drive, Penthouse Suite
Beverly Hills, California 90212
TELEPHONE NO.:(310) 651-7438     FAX NO. *(Optional):*(310) 597-4707
E-MAIL ADDRESS:jonathan@seberbulgerlaw.com
ATTORNEY FOR *(Name):*Plaintiff ESTATE OF JACKELINE CHAVEZ

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/24/2023 2:50 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:111 N Hill St
MAILING ADDRESS:111 N Hill St
CITY AND ZIP CODE:Los Angeles, 90012
BRANCH NAME:Stanley Mosk Courthouse

CASE NAME:
ESTATE OF JACKELINE CHAVEZ v. FLIXBUS INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [×] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **23STCV20361** JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[×] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [×] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve        e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [×] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [ ] is [×] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 24, 2023
Jonathan Seber
_____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER |
|---|---|
| ESTATE OF JACKELINE CHAVEZ v. FLIXBUS INC. | 23STCV20361 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☑ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| ESTATE OF JACKELINE CHAVEZ v. FLIXBUS INC. | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| Other Personal Injury/ Property Damage/ Wrongful Death | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| ESTATE OF JACKELINE CHAVEZ v. FLIXBUS INC. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23             **CIVIL CASE COVER SHEET ADDENDUM**             LASC Local Rule 2.3
For Mandatory Use                         **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| ESTATE OF JACKELINE CHAVEZ v. FLIXBUS INC. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| ESTATE OF JACKELINE CHAVEZ v. FLIXBUS INC. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 503 E. Cesar Chavez Avenue |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles, CA | CA | 90012 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  CENTRAL  District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: August 24, 2023

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Jonathan Seber (SBN 282563)
Jim Bulger (SBN 290126)
SEBER BULGER LLP
280 S. Beverly Drive, Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 651-7438
Facsimile: (310) 597-4707

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/24/2023 2:50 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

Attorneys for Plaintiff
ESTATE OF JACKELINE CHAVEZ, by and through its Successor-in-interest, ELBA PARRA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ESTATE OF JACKELINE CHAVEZ, by and through its Successor-in-interest, ELBA PARRA | ) CASE NO.: 23STCV20361 |
| | ) |
| | ) COMPLAINT FOR DAMAGES: |
| Plaintiff, | ) |
| | ) **1. NEGLIGENCE** |
| | ) **2. SURVIVIAL ACTION** |
| vs. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| FLIXBUS INC. and DOES 1 through 50, Inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

COME NOW Plaintiff ESTATE OF JACKELINE CHAVEZ ("Plaintiff") to complain of Defendants FLIXBUS LLC; and DOES 1 through 50, inclusive ("Defendants") as follows:

**GENERAL ALLEGATIONS**

1.     At the time of the incident described herein, JACKELINE CHAVEZ ("Decedent") was an adult living in Los Angeles, California.

2.     JACKELINE CHAVEZ died on August 10, 2022, in Pasadena, California.

3.     ELBA PARRA was JACKELINE CHAVEZ's mother and is a competent adult living in Arizona.

- 1 -
**COMPLAINT**

1    4.    ELBA PARRA has complied with the provisions of *Code of Civil Procedure*

2    §377.32, by filing with the originally filed Complaint, an affidavit, and a copy of the Decedent's

3    death certificate attached as Exhibit "A."

4    5.    At all times herein mentioned, Defendant FLIXBUS INC. ("FlixBus") was, and is

5    a corporation, duly organized under and by virtue of the laws of the State of Delaware, and/or

6    other states, and, on information and belief, was authorized to do and was doing business in the

7    County of Los Angeles, State of California.

8    6.    The true names or capacities, whether individual, corporate, associate or

9    otherwise of defendants, DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore

10   sues said defendants by such fictitious names, and will ask leave of Court to amend this

11   Complaint when the same have been ascertained. Plaintiff is informed and believes, and upon

12   such information and belief alleges, that each defendant designated herein as a "DOE" was

13   responsible, negligently, or in some other actionable manner, for the events and happenings

14   referred to herein, which proximately caused injury and damage to plaintiff, as hereinafter

15   alleged.

16   7.    At all times herein mentioned, Defendants, and each of them, were the agents,

17   servants and employees of each other and acting within the scope of their employment and

18   agency as such.

19   8.    The incident alleged and the injuries complained of herein occurred on FlixBus

20   7373 (the "Bus") at the approximate pick-up location of Cesar E Chavez Avenue/Vignes in Los

21   Angeles, California on or around September 23, 2021. The approximate address of the pickup

22   location is 503 E. Cesar Chavez Avenue, Los Angeles, CA 90012.

23   9.    At all times herein mentioned, Defendants, and each of them, were the owners,

24   operators, lessors, lessees, managers, caretakers, contractors, subcontractors, controllers, and

25   maintainers of the Bus.

26   10.   On information and belief, all FlixBus busses are required to have ramps for

27   wheelchairs, motorized scooters, and other handicap devices.

28

- 2 -
**COMPLAINT**

11.     On information and belief, all FlixBus buses are required to have floor mounts to anchor handicap devices to the floor for stability.

12.     On information and belief, when a handicapped person with a device is scheduled to ride on a FlixBus bus, the bus driver knows this fact before the pickup and is required to remove seats to accommodate the device.

13.     On or around September 23, 2021, JACKELINE CHAVEZ was permitted to be on the Bus as a ticketed passenger.

14.     At that time, JACKELINE CHAVEZ was an amputee with Stage 4 renal disease. She was disabled and had trouble with her balance since suffering a stroke in 2014. JACKELINE CHAVEZ used a 3-way medical scooter for transportation.

15.     On or around September 23, 2021, at approximately 2:15 p.m., JACKELINE CHAVEZ and her boyfriend, Manuel Marquez, were scheduled to take the Bus from Los Angeles, California, to Las Vegas, Nevada.

16.     Mr. Marquez bought tickets on the Bus specifically because it was advertised as a handicap-accessible bus.

17.     On or around September 23, 2021, the driver of the Bus (the "Driver") helped load other passengers onto the Bus, and then the Driver moved seats to make room for JACKELINE CHAVEZ's scooter.

18.     Mr. Marquez told the Driver that there was a handicapped passenger boarding the Bus, referring to JACKELINE CHAVEZ.

19.     The Driver appeared agitated that there was a handicapped person boarding the Bus. On information and belief, as a result, the Driver did not properly strap JACKELINE CHAVEZ's scooter into a safe place.

20.     Because the Bus was crowded, Mr. Marquez had to sit across and three rows down from JACKELINE CHAVEZ.

21.     When the Bus left the parking lot, the Driver made a right on Vignes Street. The Bus then made a right on Cesar Chavez Avenue.

- 3 -
**COMPLAINT**

22.     When the Bus turned onto Cesar Chavez Avenue, JACKELINE CHAVEZ fell. Another passenger shouted, "she hit her head full force."

23.     The Driver stopped the Bus and attempted to pick up JACKELINE CHAVEZ. JACKELINE CHAVEZ told the Driver that she could not see. The Driver put JACKELINE CHAVEZ back into a seat without her scooter.

24.     As a result of her fall, JACKELINE CHAVEZ suffered severe and significant physical injuries.

25.     Upon information and belief, Defendants, and each of them, negligently owned, operated, managed, configured, serviced, approved, modified, designed, controlled, planned, constructed, maintained and/or inspected the area around the round, narrow platform.

26.     Upon information and belief, Defendants, and each of them, were aware, and/or should have been aware, that a passenger in a medical scooter that is not restrained is at risk of injury, but Defendants failed to take reasonable and necessary steps to protect passengers on the Bus from harm, including JACKELINE CHAVEZ.

27.     Although this action was filed by the Decedent's successor in interest, it was filed after January 1, 2022, and, as a result, the damages recoverable may include damages for pain, suffering, or disfigurement.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(By ESTATE OF JACKELINE CHAVEZ Against All Defendants)**

28.     Plaintiff realleges and incorporates by reference each and every paragraph above as though fully set forth herein.

29.     On or about September 23, 2021, Defendants, and each of them, were the owners, operators, lessors, lessees, managers, caretakers, contractors, subcontractors, controllers, and/or maintainers of the Bus.

30.     At the time of the incident alleged herein, Defendants, and each of them, had a duty to protect lawful passengers, including JACKELINE CHAVEZ from physical injury while on the Bus in a reasonably foreseeable manner.

- 4 -
**COMPLAINT**

31.     Defendants, and each of them, breached their duties in that Defendants negligently owned, operated, designed, configured, serviced, approved, modified, constructed, maintained, inspected, secured, controlled, repaired, managed, and/or possessed the Bus. Specifically, Defendants, and each of them, caused and/or allowed JACKELINE CHAVEZ to be on the Bus in her scooter without proper restraint; 2) the Bus was poorly operated, designed, configured, serviced, approved, modified, constructed, maintained, inspected, secured, controlled, repaired and managed in relation to Plaintiff's attempted to use on or about September 23, 2021; and 3) Defendants failed to warn lawful visitors, including JACKELINE CHAVEZ, that the Bus was unsafe and/or dangerous. These dangerous and defective conditions, and others, created a reasonably foreseeable risk of the kind of injury suffered by Plaintiff.

32.     Defendants, and each of them, either created or otherwise knew or should have known of the aforementioned dangerous and defective conditions but negligently and carelessly failed to adequately warn of the same or take alternative action, despite having the authority and the funds and/or other means immediately available to take alternative action, which would not have created the dangerous condition, or knew or should have known of the aforementioned dangerous and defective condition but negligently and carelessly failed to warn of the same, despite having the authority and responsibility to take adequate measures to protect against the dangerous condition.

33.     Defendants, and each of them, knew or should have known of these dangerous and defective condition but negligently and carelessly failed to adequately repair, remedy or correct the same; and/or negligently and carelessly created the aforementioned dangerous and defective condition of the Premises.

34.     As a direct and proximate result of the actions of Defendants, and each of them, JACKELINE CHAVEZ fell on the Bus on or about September 23, 2021, and suffered severe physical injuries and sustained special and general damages.

35.     Defendants, and each of them, as employees and agents responsible for the operation and maintenance of the appurtenances associated with the dangerous condition giving rise to this litigation are liable for the condition.

- 5 -
**COMPLAINT**

36.     Defendants, and each of them, are vicariously liable for the wrongful acts of their agents and/or employees.

37.     As a direct and proximate result of the herein described acts and omissions of Defendants, and each of them, Plaintiff suffered injuries including, but not limited to, physical and mental pain and suffering, physical injuries, loss of income and/or earning capacity, and costs of medical care and treatment in an amount not yet ascertained but exceeds the minimum jurisdictional limits of this Court.

**SECOND CAUSE OF ACTION**

**SURVIVAL ACTION**

(On behalf of Plaintiff ESTATE OF JACKELINE CHAVEZ, by and through its Successor-in-interest, ELBA PARRA, against all Defendants)

38.     Plaintiff re-alleges and incorporates herein by reference all the allegations contained in the previous paragraphs, as though set forth in full.

39.     Plaintiff ELBA PARRA is the Successor in Interest to Decedent HAYDEE TORRES's causes of action and, as such, seeks all damages permitted under survival claims, including, but not limited to, those set forth in California *Code of Civil Procedure* § 377.10, *et seq.* Plaintiff ELBA PARRA succeed to all damages related to those causes of action, as well as any other claims the Estate may have.

40.     As a legal result of the acts and omissions of the Defendants herein and each of them, the Decedent incurred medical expenses prior to her death in an amount according to proof.

41.     As a legal result of the acts and omissions of the Defendants herein and each of them, Decedent suffered a loss of earnings in an amount according to proof.

42.     As a legal result of the acts and omissions of the Defendants herein and each of them, the Decedent suffered physical and mental pain and suffering, physical injuries in an amount according to proof.

//

//

- 6 -

**COMPLAINT**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ESTATE OF JACKELINE CHAVEZ prays for judgment against Defendants, and each of them, on all causes of action as follows:

(1).    For general damages in an amount to be determined by proof at trial;

(2).    For special damages in an amount to be determined by proof at trial;

(3).    For costs of suit herein;

(4).    For prejudgment interest as permitted by law; and

(5).    For any other such relief as the Court may deem proper.

DATED: August 24, 2023,                      SEBER BULGER LLP

                                             JONATHAN SEBER
                                             Attorney for Plaintiff
                                             ESTATE OF JACKELINE CHAVEZ

- 7 -
**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff ESTATE OF JACKELINE CHAVEZ demand a jury trial on as to all causes of action set forth in this Complaint.

DATED: August 24, 2023,

SEBER BULGER LLP


JONATHAN SEBER
Attorney for Plaintiff
ESTATE OF JACKELINE CHAVEZ

- 8 -
**COMPLAINT**

# EXHIBIT A

<u>**DECLARATION OF SUCCESSOR-IN-INTEREST OF**</u>

<u>**THE ESTATE OF JACKELINE CHAVEZ**</u>

I, ELBA PARRA, declare as follows:

1. Decedent's name was JACKELINE CHAVEZ. Her date of death is August 10, 2022 and she died at Huntington Hospital, in the County of Los Angeles, California.

2. I was Decedent's mother at the time of her death.

3. There is no proceeding now pending in California for administration of the Decedent's estate.

4. As Decedent's mother, I am authorized to act on behalf of the Decedent's successor-in-interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the Decedent's interest in the action or proceeding.

5. No other person has a superior right to commence the action or proceeding or to be substituted for the Decedent in the pending action or proceeding.

6. Attached hereto as Exhibit "A" is a true and correct copy of JACKELINE CHAVEZ's death certificate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 10 day of August, 2023 at Ontario_____, California.

ELBA PARRA

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# CITY OF PASADENA
## PUBLIC HEALTH DEPARTMENT

3052022204074 — STATE FILE NUMBER

CERTIFICATE OF DEATH
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 5/05)

3202263000995 — LOCAL REGISTRATION NUMBER

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | 6. SEX |
|---|---|---|---|---|---|
| JACKELINE | - | CHAVEZ | 07/27/1969 | 53 | F |

AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST)

| 8. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS/SRDP (at Time of Death) | 7. DATE OF DEATH mm/dd/ccyy | 9. HOUR (24 Hours) |
|---|---|---|---|---|---|
| CA | 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 | YES [ ] NO [X] | DIVORCED | 08/10/2022 | 0000 |

| 13. EDUCATION – Highest Level/Degree | 14/15. WAS DECEDENT HISPANIC/LATINO/a/SPANISH? | 16. DECEDENT'S RACE – Up to 3 races may be listed |
|---|---|---|
| HS GRADUATE | YES [X] MEXICAN AMERICAN | WHITE |

| 17. USUAL OCCUPATION – Type of work for most of life, DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY | 19. YEARS IN OCCUPATION |
|---|---|---|
| RECEPTIONIST | CHIROPRACTOR | 5 |

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 3838 1/2 STOCKBRIDGE AVE |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| LOS ANGELES | LOS ANGELES | 90032 | 53 | CA |

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state and zip) |
|---|---|
| ELBA PARRA, MOTHER | 250 N. SILVER BELL RD., TUCSON, AZ 85745 |

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| | | |

| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| URIEL | | TORRES | MEXICO |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| ELBA | | PARRA | MEXICO |

| 39. DISPOSITION DATE | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 09/27/2022 | RESIDENCE, TANYA PARRA 13051 RAMONA AVE. APT 19, CHINO, CA 91710 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| CREMATE/RESIDENCE | SAMANTHA M FRANCIS | EMB9266 |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER OF LOCAL REGISTRAR | 46. DATE mm/dd/ccyy |
|---|---|---|
| OAKDALE MORTUARY | FD1127 YING-YING GOH, MD | 09/02/2022 |

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| HUNTINGTON HOSPITAL | IP [X] ER/OP [ ] DOA [ ] | Hospice [ ] Decedent's Home [ ] Nursing Home/LTC [ ] Other [ ] |

| 105. COUNTY | 104. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location) | 106. CITY |
|---|---|---|
| LOS ANGELES | 100 W CALIFORNIA BLVD | PASADENA |

| 107. CAUSE OF DEATH | Time interval | 108. DEATH REPORTED TO CORONER? |
|---|---|---|
| IMMEDIATE CAUSE (A) ACUTE RESPIRATORY FAILURE | MIN | YES [ ] NO [X] |
| Sequentially list conditions, if any, leading to cause. (B) SEPTIC SHOCK | DAYS | 109. BIOPSY PERFORMED? YES [ ] NO [X] |
| Enter the UNDERLYING CAUSE (C) GANGRENE LEFT FOOT | DAYS | 110. AUTOPSY PERFORMED? YES [ ] NO [X] |
| (D) END STAGE RENAL DISEASE | YRS | 111. USED IN DETERMINING CAUSE? |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| DIABETES MELLITUS TYPE II |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? If yes, list type of operation and date | 113A. IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| NO | YES [ ] NO [ ] UNK [ ] |

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Attended Since 08/08/2022 Deceased Last Seen Alive 08/10/2022 | HOOMAN YONATAN SAZEGAR, DO | 20A18355 | 09/01/2022 |

| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|
| HOOMAN YONATAN SAZEGAR, DO 10 CONGRESS ST SUITE 155, PASADENA, CA 91105 |

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED | 120. MANNER OF DEATH | 121. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|---|
| | Natural [ ] Accident [ ] Homicide [ ] Suicide [ ] Pending Investigation [ ] Could not be determined [ ] | YES [ ] NO [ ] UNK [ ] | | |

| 123. PLACE OF INJURY (e.g. home, construction site, wooded area, etc.) |
|---|
| |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| |

| 125. LOCATION OF INJURY (Street and number, or location, and city and zip) |
|---|
| |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| | | |

| STATE REGISTRAR | A | B | C | D | | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|

CAPASADE01

This is to certify that this document is a true copy of the official record filed with the City of Pasadena.

*Ying-Ying Goh*

YING-YING GOH, MD
HEALTH OFFICER

DATE ISSUED   SEP 1 9 2022

This copy is not valid unless prepared on an engraved border, displaying the seal and signature of the Registrar.

000508274

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/24/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ Y. Ayala _____ Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT -**<br>**UNLIMITED PERSONAL INJURY CIVIL CASES**<br>**ASSIGNED TO THE PERSONAL INJURY HUB COURTS** | |
| Your case is assigned to the judicial officer indicated below in the Personal Injury Hub Court for all purposes, except for trial. | CASE NUMBER:<br>23STCV20361 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDICIAL OFFICER | DEPT. |
|---|---|---|
| ✔ | Anne  Hwang | 32 |

| **FINAL STATUS CONFERENCE:** | |
|---|---|
| DATE: _____ 02/06/2025 _____ at 10:00 a.m. | |
| **TRIAL DATE:** | |
| DATE: _____ 02/20/2025 _____ at 8:30 a.m. | |
| **ORDER TO SHOW CAUSE RE: DISMISSAL (Code of Civil Procedure, section 583.210)** | |
| DATE: _____ 08/21/2025 _____ at 8:30 a.m. | |

Given to the Plaintiff / Attorney of Record

On _08/24/2023_
   (Date)

David W. Slayton, Executive Officer / Clerk of Court

By _Y. Ayala_____ Deputy Clerk

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL PERSONAL INJURY CASES

LASC CIV 295 NEW 05/22
For Mandatory Use

**INSTRUCTIONS FOR HANDLING UNLIMITED PERSONAL INJURY CIVIL CASES**

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDICIAL OFFICER**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purpose to a judicial officer, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assignment to the Personal Injury Hub Courts will be subjected to processing under the standards listed below.

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days. Failure to do so may result in the imposition of sanctions.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than eight court days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court and time standards, or deadlines established by the Court or by Chapter Three Rules.  Such sanctions may be on a party, or if appropriate on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to a PI Hub Court for all purposes except for trial or an Independent Calendar Courtroom for all purposes depending on the PI Case Type.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to a PI Hub Court for all purposes except for trial or an Independent Calendar Courtroom for all purposes depending on the PI Case Type.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL PERSONAL INJURY CASES**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1.  **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2.  **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

   a.  **The Civil Mediation Vendor Resource List**
       If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
       (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
       (833) 476-9145

       **These organizations cannot accept every case and they may decline cases at their discretion.**  They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

       **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

   b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
       https://dcba.lacounty.gov/countywidedrp/

       **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

   c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e)  **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f)  **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g)  **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h)  **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2)  MANDATORY ELECTRONIC FILING

a)  Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b)  Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c)  Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

   d)  Documents in Related Cases

      Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3)  **EXEMPT LITIGANTS**

   a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

   b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4)  **EXEMPT FILINGS**

   a)  The following documents shall not be filed electronically:

      i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

      ii)   Bonds/Undertaking documents;

      iii)  Trial and Evidentiary Hearing Exhibits

      iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

      v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

   b)  Lodgments

      Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

   Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

   If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

   Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

   a) Filed Date

      i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

      ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

   a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i)   Any printed document required pursuant to a Standing or General Order;

      ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii) Pleadings and motions that include points and authorities;

      iv)  Demurrers;

      v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi)  Motions for Summary Judgment/Adjudication; and

      vii) Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11)  SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6           This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10 DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:           FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

<span style="font-size:smaller">(INSERT DATE)                      (INSERT DATE)</span>

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

| LACIV 229 (Rev 02/15)<br>LASC Approved 04/11 | **STIPULATION – EARLY ORGANIZATIONAL MEETING** | Page 2 of 2 |
|---|---|---|

Print     Save           Clear

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

Print     Save     Clear

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]    [ Save ]                                [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | | Save | | Clear |
|---|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ) ORDER PURSUANT TO CCP 1054(a),<br>) EXTENDING TIME TO RESPOND BY<br>) 30 DAYS WHEN PARTIES AGREE<br>) TO EARLY ORGANIZATIONAL<br>) MEETING STIPULATION<br>) |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court
order.

DATED: _May 11, 2011_                          _Carolyn B. Kuhl_

                                               Carolyn B. Kuhl, Supervising Judge of the
                                               Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

**FILED**
Superior Court of California
County of Los Angeles

2022-SJ-008-03

**SEP 20 2022**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Anoush Sichitarian

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Hub Courts (Spring Street Courthouse) | EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURTS EFFECTIVE OCTOBER 10, 2022 |

**STANDING ORDER RE: PROCEDURES AT PERSONAL INJURY**

**HUB COURTS AT THE SPRING STREET COURTHOUSE**

The Superior Court of California, in and for the County of Los Angeles (Superior Court, Los Angeles County), hereby issues the following order prescribing the procedures to be followed in the Personal Injury Hub Courts at the Spring Street Courthouse.

1.    **Authority**

This order is being made pursuant to the Code of Civil Procedure, the California Rules of Court, rule 3.720, and the Superior Court, Los Angeles County, Local Rules, rule 3.23.  It supersedes the following General and Standing Orders:

A.    Amended General Order Re: General Jurisdiction Personal Injury Cases – Filing Location (5/16/2014);

B.    First Amended Standing Order Re: Final Status Conference, Personal Injury ("PI") Courts (4/16/2018);

2022-SJ-008-03

C.   First Amended Standing Order Re: Personal Injury Procedures at the Spring Street Courthouse (2/24/2020);

D.   Third Amended Standing Order Re: Final Status Conference, Personal Injury ("PI") Courts (2/24/2020);

E.   Fifth Amended Standing Order Re: Mandatory Settlement Conference (2/24/2020);

F.   Amended Supplemental Standing Order re Covid Protective Measures Related to Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse (12/22/2020);

G.   Sixth Amended Standing Order Re: Mandatory Settlement Conference (6/23/2021);

H.   Second Amended Supplemental Standing Order re Covid Protective Measures Related to Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse (10/08/2021) and

I.   Seventh Amended Standing Order for Procedures in the Personal Injury Hub Courts (5/16/2022).

2.   **Assignment of Personal Injury (PI) Cases to Judicial Districts; Assignments within Central District**

•   Unless otherwise ordered, all pending cases remain where they are assigned.

•   On or after October 10, 2022, all newly filed PI cases, as defined in Los Angeles County Local Rules, rule 2.3, shall be filed in the judicial district where the incident arose.

///

2022-SJ-008-03

- Parties filing PI cases should use the filing court locator on the Los Angeles Superior Court website to determine the appropriate filing location (www.lacourt.org and https://www.lacourt.org/filinglocatornet/ui/filingsearch.aspx?CT=CI).

On or after October 10, 2022, all newly filed PI cases assigned to the Central District shall be assigned to a Personal Injury Hub court unless the case type is one of the following:

☐ 2401 Product Liability (not asbestos or toxic/environmental)

☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (Civil Code, sections 1790-1795.8) (Lemon Law)

☐ 2305 Elder/Dependent Adult Abuse and Claims Against Skilled Nursing Facility

☐ 2306 Intentional Conduct - Sexual Abuse Case (in any form)

☐ 2308 Landlord - Tenant Habitability (e.g., bed bugs, mold, etc.)

☐ 4501 Medical Malpractice - Physicians & Surgeons

☐ 4502 Other Professional Health Care Malpractice

These cases will be assigned to Independent Calendar Courts which will handle such cases for all purposes, including trial.

3.   **Assignment to PI Hub Court and Final Status Conference, Trial, and Order to Show Cause Dates**

All PI Cases filed in the Central District will be assigned to the PI Hub Court. Upon filing, a case will be assigned a trial date approximately 18 months from the filing date, a Final Status Conference (FSC) date approximately eight court days prior to the trial date, and a date for a hearing on an Order to Show Cause why the case should not be dismissed pursuant to Code of Civil Procedure, sections 583.410 and 583.420 approximately 24 months from the filing date.

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

**4.      Transferring Cases from the PI Hub Courts**

The PI Hub Courts may transfer a case *sua sponte* based upon a determination that the case is either not a PI case or that it requires more case management than the PI Hub Courts can provide, given their case inventories.

**5.      Filing of Documents**

Except for self-represented litigants or counsel who have obtained an exemption from mandatory electronic filing, parties must electronically file documents. Filings are no longer accepted via facsimile.  The requirements for electronic filing are detailed in the Superior Court, Los Angeles County's operative General Order Re Mandatory Electronic Filing for Civil, available online at https://www.lacourt.org/division/efiling/pdf/GenOrdCivilEfiling.pdf.

**6.      Service of Summons and Complaint**

Plaintiff(s) shall serve the summons and complaint upon defendant(s) within 60 days of filing of the complaint.  (California Rules of Court, rule 3.110 (b).)  Failure to do so may result in the imposition of sanctions.  (Code of Civil Procedure, sections 128, 177.5; California Rules of Court, rule 2.30.)  In addition, at a hearing on an Order to Show Cause re Dismissal (described in Paragraph three above), the PI Hub Courts may dismiss the case and/or all unserved parties unless plaintiff(s) shows cause why the case or the unserved parties should not be dismissed. (Code of Civil Procedure, sections 583.410, 583.420.)

**7.      Stipulations to Advance or Continue Trial**

The Court may honor stipulations by all parties to a case to advance or continue a trial, provided that the proposed trial date is not beyond 24 months of the filing of the complaint, without a showing of good cause.

///

**PAGE 4 OF 19**

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

To advance or continue a trial date, the parties (or their counsel of record) should jointly execute and submit a (Proposed) Order and Stipulation to Continue Trial, FSC [and Related Motion/Discovery Dates Personal Injury Courts Only (Central District)] (LACIV-CTRL242). The PI Hub Courts schedule FSCs at 10:00 a.m., approximately eight court days before the trial date. Parties seeking to advance or continue trial and FSC dates shall file the stipulation at least eight court days before the existing FSC date. (Code of Civil Procedure, section 595.2; Government Code, section 70617(c)(2).) In selecting a new trial date, parties should avoid setting on Mondays, or Tuesdays following a court holiday.

Parties may submit a maximum of two stipulations to continue trial for a total continuance of six months before 24 months of the filing of the complaint. Other requests to continue trial will be granted only upon a showing of good cause by noticed motion.

**8. No Case Management Conferences**

The PI Hub Courts do not conduct case management conferences. Thus, the parties need not file a Case Management Conference Statement.

**9. Law and Motion**

A. Reservation Hearing Date

Parties must reserve hearing dates for motions in the PI Hub Courts using the Court Reservation System (CRS) available online (www.lacourt.org). After reserving a motion hearing date, the reservation requestor must submit the moving papers for filing with the reservation receipt number printed on the face page of the document under the caption and attach the reservation receipt as the last page.

As soon as a reservation requestor realizes that a motion hearing, or other proceeding requiring a reservation in the PI Hub Courts, such as in Informal Discovery

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT**

1   Conference (IDC) will not be necessary, the reservation requestor shall immediately use CRS to

2   cancel the reservation for the motion hearing, or other proceeding requiring a reservation.

3          If the moving party deems the hearing date to be too far in the future (for example, after

4   the trial date), parties should check CRS from time to time because earlier hearing dates may

5   become available as cases settle or hearings are taken off calendar.  Except in extraordinary

6   circumstances, the court will not grant ex parte applications to advance a hearing date because it

7   is set after a trial date.  If a hearing is set after the trial date, the moving party should seek to

8   continue the trial by noticed motion instead.

9          B.      Electronically Filed Documents

10         Any and all electronically filed documents must be text searchable and

11   bookmarked pursuant to the operative General Order re Mandatory Electronic Filing for Civil,

12   General Order re Mandatory Electronic Filing in Civil.

13         C.      Courtesy Copies

14         Courtesy copies are required for Ex Parte Applications, Motions for Summary

15   Judgment, Oppositions to Ex Parte Applications and Motions for, Oppositions to, and Replies to

16   Oppositions to Motions for Summary Judgment or Summary Adjudication.

17         Courtesy copies must be submitted directly to the assigned PI Hub Court at the

18   Spring Street Courthouse. The PI Hub Courts strongly encourage the parties filing and

19   opposing lengthy motions for summary judgment or adjudication, to submit one or more three-

20   ring binders organizing the courtesy copies behind tabs. Any courtesy copies of documents

21   with declarations and/or exhibits must be tabbed. (California Rules of Court, rule 3.1110(f).)

22   All deposition excerpts referenced in briefs must be marked on the transcripts attached as

23   ///

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

1   exhibits. (California Rules of Court, rule 3.1116(c).) Courtesy copies, including any media

2   attached thereto, will be destroyed by the Court without notice following the hearing.

3         D.    Withdrawal of Motions

4            If a moving party takes a motion off a PI Hub court's calendar, the moving party

5   must notify the court immediately and should remove the item from the Court's calendar on

6   CRS. (California Rules of Court, rule 3.1304(b).) If, in response to a demurrer or a motion to

7   strike, a party exercises its right to amend a pleading as prescribed by Code of Civil Procedure

8   section 472(a), the court requests that party work with the party who filed the demurrer or motion

9   to strike to take the demurrer or motion to strike off calendar so that the PI Hub Courts do not

10  needlessly prepare tentative rulings.

11        E.    Motions to Compel Further Responses to Discovery

12          PI Hub Courts will not hear Motions to Compel Further Discovery Responses to

13  Discovery until the parties have engaged in an Informal Discovery Conference (IDC).

14          PI Hub Courts may deny or continue a Motion to Compel Further Responses to

15  Discovery if parties fail to schedule and complete an IDC before the scheduled hearing on a

16  Motion to Compel Further Responses to Discovery.

17          After meeting and conferring about available dates for an IDC, the

18  moving/propounding party shall reserve an IDC through CRS (see paragraph 9 above) and

19  provide notice of the reserved IDC to the opposing/responding party by filing and serving an

20  Informal Discovery Conference Form for Personal Injury Courts _LASC CIV 239_ at least 15

21  court days before the IDC and attach the CRS reservation receipt as the last page. **The IDC will**

22  **not be "scheduled" by the court until the IDC Form is filed.** The opposing/responding party

23  ///

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

1   may file and serve a responsive IDC Form at least 10 court days before the IDC.  All parties

2   shall briefly set forth their respective positions on the pending discovery issues on the IDC Form.

3   Ideally, the parties should participate in an IDC before a Motion to Compel

4   Further Discovery Responses is filed because the IDC may avoid the necessity of such a motion

5   or, at least, reduce its scope.  Because of that possibility, parties are encouraged to stipulate to

6   extend the deadline for filing a Motion to Compel Further Discovery Responses by 60 days in

7   order to allow time to participate in an IDC and to informally resolve the pending discovery

8   issues.

9   Note:  Reserving or scheduling an IDC **does not extend the time to file a Motion**

10  **to Compel Further Discovery Responses.**

11  If parties do not stipulate to extend the deadline(s) to file a Motion to Compel

12  Further Discovery Responses, the moving/propounding party may file the motion to avoid it

13  being deemed untimely.  However, the IDC must take place before the motion is heard so it is

14  suggested that the moving party reserve a date for the motion hearing that is at least 60 days after

15  the date when an IDC is scheduled.  Note:  A party's failure to stipulate to extend the time to

16  bring a Motion to Compel Further Discovery Responses so that an IDC may be held may subject

17  the parties and/or counsel to the imposition of sanctions.

18  The PI Hub Courts have found that, in most cases, IDCs are successful at assisting

19  the parties to amicably resolve their discovery disputes, and in resolving the case as a whole.

20  The purpose of the IDC is to assist the parties to resolve and/or narrow the scope of discovery

21  disputes.  Therefore, parties, through their respective counsel of record with full authority to

22  make binding agreements, shall participate in the scheduled IDC. The PI Hub Courts have found

23  that most discovery disputes result from a failure to meaningfully meet and confer on the pending

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

discovery issues.  The PI Hub Courts generally find that meeting and conferring by only exchanging letters and e-mails, as opposed to actual conversation, are insufficient and ineffective.  Thus, in requesting an IDC, the parties must indicate on their IDC forms what efforts were made to informally resolve pending discovery issues, which must include in-person or virtual meetings or telephonic communications.  (The PI Hub Courts require this same showing in declarations filed in support of, and in opposition to, Motions to Compel Further Discovery Responses.)

Time permitting, the PI Hub Courts may be available to conduct IDCs to resolve other types of discovery disputes.

10.    **Ex Parte Applications**

The PI Hub Courts will only grant ex parte relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte."  (California Rules of Court, rule 3.1202(c).)  The PI Hub Courts have no capacity to hear multiple ex parte applications or to shorten time to add hearings to their fully booked motion calendars.  Given the PI Hub Courts' impacted calendars, a PI Hub Court's unavailability for timely motion hearings is not an "immediate danger" or threat of "irreparable harm" justifying ex parte relief.  Instead of seeking ex parte relief, the moving party should reserve the earliest available motion hearing date (even if it is after the scheduled trial date) and file a noticed motion to continue the trial.

And, again, parties should check CRS from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar.

///

PAGE 9 OF 19

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

**11.     Jury Fees**

Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (Code of Civil Procedure, section 631(c)(2).)

**12.     Final Status Conference**

A.     Purpose

The purpose of the FSC is to verify that the parties are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Hub Courts will verify at the FSC that all parties have (1) prepared all necessary trial documents, and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, Motions in Limine, and the authentication/foundation and admissibility of exhibits.

B.     Trial Documents to Be Filed

At least five calendar days prior to the FSC, the parties shall serve and file the following Trial Readiness Documents:

1.     Trial Briefs (Optional)

Each party may, but is not required to, file a trial brief succinctly identifying:

a. the claims and defenses subject to litigation;

b. the major legal issues (with supporting points and authorities);

c. the relief claimed and calculation of damages sought; and

d. any other information that may assist the court at trial.

2.     Motions in Limine

Before filing Motions in Limine, the parties shall comply with the statutory notice provisions of Code of Civil Procedure section 1005 and the requirements of the

**PAGE 10 OF 19**

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

Superior Court, Los Angeles County, Local Rules, rule 3.57(a). The caption of each Motion in Limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one Motion in Limine shall number them consecutively. Parties filing opposition and reply documents shall identify the corresponding motion number in the caption.

3.    Joint Statement to Be Read to the Jury

For jury trials, the parties shall prepare and file a joint written statement of the case for the trial court to read to the jury. (Superior Court, Los Angeles County, Local Rules, rule 3.25(g)(4).)

4.    Joint Witness List

The parties shall prepare and file a joint, alphabetized by last name, list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses. (Superior Court, Los Angeles County, Local Rules, rule 3.25(g)(5).) The joint witness list shall identify each witness by name, specify which witnesses are non-experts and experts, estimate the length of the direct, cross, and re-direct examination of each witness, and include a total number of hours for all witness testimony. The parties shall identify all potential witness scheduling issues and special requirements. Any party who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

5.    List of Proposed Jury Instructions (Joint and Contested)

The parties shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, including columns to indicate whether an instruction is agreed to or contested. In addition, the List of Proposed Jury Instructions must include

///

**PAGE 11 OF 19**

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

1  columns for a trial judge to indicate whether an instruction was given, given as modified, refused

2  or withdrawn.  (California Rules of Court, rule 2.1055.)

3          6.     Jury Instructions (Joint and Contested)

4          The parties shall prepare a complete set of full text proposed jury

5  instructions in a format ready for submission to the jury, by editing all proposed California Civil

6  Jury Instructions including inserting party name(s) and eliminating blanks, brackets, and

7  irrelevant material.  The parties may prepare special instructions in a format ready for submission

8  to the jury with the instruction number, title, and text only (**i.e., there should be no boxes or**

9  **other indication on the printed instruction itself as to which party is requesting the**

10  **instruction).**

11          7.     Joint Verdict Form(s)

12          The parties shall prepare and jointly file a proposed general verdict form

13  or special verdict form (with interrogatories) acceptable to all parties. (Superior Court, Los

14  Angeles County, Local Rules, rule 3.25(g)(8).) If the parties cannot agree on a joint verdict form,

15  each party must separately file a proposed verdict form.

16          8.     Joint Exhibit List

17          The parties shall prepare and file a joint exhibit list organized with

18  columns identifying each exhibit, setting forth stipulations, if any, to authenticity/foundation

19  and admissibility of exhibits, and specifying evidentiary objections, if any, to the admission of

20  an exhibit.  If an objection to an exhibit is not articulated on the exhibit list, the trial court may

21  deem the exhibit admitted.  The parties shall meet and confer regarding stipulations to

22  authenticity/foundation and admissibility of exhibits, and to resolve objections, if any, to the

23  admission of an exhibit, before filing the Joint Exhibit List.

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

9.    Page and Line Designation for Deposition and Former Testimony

If the parties intend to use deposition testimony or former trial testimony in lieu of any witness' live testimony, the parties shall meet and confer, and jointly prepare and file a chart with columns for each of the following: 1) the page and line designations of the deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the court's ruling.

C.    Items to be Presented at the Final Status Conference

1.    Trial Binders

The parties shall jointly prepare (and be ready to temporarily lodge) 3-ring binders containing conformed (filed in eCourt) copies of all the following:

**Tab A**: Trial Briefs (Optional)

**Tab B**: Motions in Limine

The parties shall organize Motions in Limine (tabbed in numerical order) with the opposition papers and reply papers for each motion placed directly behind the moving papers.

**Tab C**: Joint Statement to Be Read to the Jury

**Tab D**: Joint Witness List

**Tab E**: Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

**Tab F**: Joint and Contested Jury Instructions

The parties shall organize proposed jury instructions with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each party.

**PAGE 13 OF 19**

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN**
**THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

**Tab G**: Joint and/or Contested Verdict Form(s)

**Tab H**: Joint Exhibit List

**Tab I**: Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

**Tab J**: Copies of the Current Operative Pleadings (including the operative complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

2.      Filing and Electronic Submission of trial documents

In an effort to reduce the number of in-person appearances in the PI Hub Courts, in addition to the parties filing and serving the Trial Documents at least five calendar days prior to the FSC, two court days prior to the FSC, the parties must provide the PI Hub Court with the trial binders in electronic form (see below). This will allow parties to appear remotely for the FSC and provide the PI Hub Courts with the opportunity to review the trial binders to determine whether parties are ready for trial. Hard copies of the trial binders will continue to be required for the trial.

a.      The parties must submit in one PDF conformed copies of the joint statement of the case, joint witness list, joint list of jury instructions, full-text joint and contested jury instructions, joint and/or contested verdict form(s), joint exhibit list, joint deposition designation chart, and operative pleadings as listed in paragraph C.1. above (Tabs C through J).

b.      The trial briefs and Motions in Limine, oppositions, and replies, if any, must be submitted in a separate PDF as listed in paragraph

**PAGE 14 OF 19**

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

1  C.1 above (Tabs A and B).  **If a Motion in Limine and exhibits**

2  **thereto exceed 10 pages, the parties may submit just the face**

3  **page of the motion.**  (The entire motion will still need to be

4  brought to the trial in the appropriate binder.)

5  c.  The PDFs must be text searchable.

6  d.  The PDFs must be bookmarked which is essentially an electronic

7  tab so that the PI Hub Court is able to find and navigate among the

8  trial documents.

9  (See https://helpx.adobe.com/acrobat/using/page-thumbnails-

10  bookmarks-pdfs.html for bookmarking instructions.)

11  e.  The PDFs must be emailed to the applicable email address listed

12  below:

13  Department 27 at sscdept27FSC@LACourt.org

14  Department 28 at sscdept28FSC@LACourt.org

15  Department 29 at sscdept29FSC@LACourt.org

16  Department 30 at sscdept30FSC@LACourt.org

17  Department 31 at sscdept31FSC@LACourt.org

18  Department 32 at sscdept32FSC@LACourt.org

19  f.  The subject line in the email must include identifying case

20  information as follows:

21  [Insert Case Number] Trial Readiness Binder, FSC, [Insert

22  MM/DD/YEAR of Hearing Date] (e.g., 20STCV00001 Trial

23  Readiness Binder, FSC 01/11/2022).

**PAGE 15 OF 19**

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN**
**THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

g.    Each email should have two PDFs attached – one containing the trial documents and the other containing the trial briefs and Motions in Limine, if applicable.

h.    The parties need not email the evidentiary exhibit binders to the PI Hub Court for the FSC. However, the parties shall prepare the exhibit binders as required (see section 3. Evidentiary Exhibits, below) and be prepared to represent to the PI Hub Court that the binders have been properly prepared. Hard copies of the exhibit binders will be required for the trial court.

3.    Evidentiary Exhibits

The parties shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly marked exhibits, organized numerically in three-ring binders (a set for the trial court, the judicial assistant, and the witnesses). The parties shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

D.    Failure To Comply with Final Status Conference Obligations

The PI Hub Courts have the discretion to require any party or counsel of record who fails or refuses to comply with this Standing Order to show cause why the court should not impose monetary, evidentiary, and/or issue sanctions (including the entry of a default or the striking of an answer) (Code of Civil Procedure, section 575.2).

///

///

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

13.    **Mandatory Settlement Conferences**

Mandatory Settlement Conferences (MSC) are available on a virtual platform hosted by the Beverly Hills Bar Association at ResolveLawLA.com.  MSCs are conducted by volunteer attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, the Consumer Attorneys Association of Los Angeles, and the Beverly Hills Bar Association and are overseen by the court.

MSCs are available in cases with two sides[1] 1) by stipulation, or 2) by court order at the Final Status Conference. If parties stipulate to participate in a ResolveLawLA MSC, they must seek leave of court to do so, by making an ex parte application using the PI Hub MSC Stipulation form.  Both parties should appear at the ex parte hearing.  At the Final Status Conference, the court may order parties to participate in a MSC if the court feels that it could assist the parties in resolving the case.

Whether by stipulation or court order, parties must access the ResolveLawLA website at www.ResolveLawLA.com to create an account and register the case for MSC within two court days of the court's order of the MSC.  Plaintiff or his, her or their counsel (plaintiff) must coordinate with defendant or his, her or their counsel (defendant) and select a mutually agreed upon date and time for the MSC prior to the trial date.  Plaintiff shall also provide the name, email address, and phone number for Defendant when registering the case for an MSC.

A MSC brief shall be lodged by each party at ResolveLawLA.com and served on all parties not less than five court days before the scheduled MSC.  The settlement conference statement shall be limited to five pages on the MSC Brief and 10 pages for exhibits.

///

---

[1]Cases with cross-complaints or separately represented defendants are not eligible.

**PAGE 17 OF 19**

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN**
**THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

1    ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday,

2    excluding court holidays, and are conducted on a virtual platform. After a MSC is scheduled,

3    the ResolveLawLA system will send notifications via text and/or email and will include a link

4    for counsel, the parties, and insurance representatives to join the MSC remotely.

5    Pursuant to California Rules of Court, rule 3.1380(b) and Superior Court, Los Angeles

6    County, Local Rules, rule 3.25(d), counsel, the parties, and persons with full authority to settle

7    the case (including insurance company representatives) must attend the MSC virtually unless a

8    judicial officer has excused the virtual appearance for good cause.  Once defendants are notified

9    that a case has been scheduled for a MSC, defendants shall create their own login to the

10   ResolveLawLA.com system, and shall list all parties, party representatives and insurance

11   adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be

12   canceled or rescheduled, it must be canceled through ResolveLawLA.

13   If the case settles before a scheduled MSC, parties shall forthwith notify the PI Hub Court

14   to which the case is assigned of such settlement.   The parties should also document their

15   settlement agreement in writing signed by all parties whether before or at the scheduled MSC.

16   **14.    Trials**

17   The PI Hub Courts do not conduct trials.  On the trial date, all parties and/or their trial

18   counsel **must appear in person with trial and exhibit binders** in the PI Hub Court assigned to

19   the case.  Upon confirming that the parties are trial-ready, the PI Hub Court will obtain a trial

20   court assignment from Stanley Mosk Courthouse, department 1, and will inform the parties

21   and/or trial counsel of the assignment. The parties then have 20 minutes within which to exercise

22   a peremptory challenge to the assigned trial court, assuming that party had not previously

23   exercised the party's right to make such a challenge.

**PAGE 18 OF 19**

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN**
**THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

Should a plaintiff fail to appear at trial, the PI Hub Court will dismiss the case without prejudice. (Code of Civil Procedure, section 581(b)(3).) If a defendant fails to appear at trial, the PI Hub court will obtain a trial court assignment from department 1 and the plaintiff will proceed with an uncontested trial pursuant to Code of Civil Procedure section 594 and *Warden v. Lamb* (1929) 98 Cal.App. 738, 741.

**15.    Sanctions**

The court has discretion to impose sanctions for any violation of this Standing Order. (Code of Civil Procedure, sections 128.7, 177.5, 187; Government Code, section 68608(b); California Rules of Court, rule 2.30.)

DATED: September 20, 2022

Judge David J. Cowan
Supervising Judge, Civil Division

**PAGE 19 OF 19**

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT**

EXHIBIT B

1   JEFFREY D HOSKING, SBN 163975
    jdh@mhfirm.law

2   **McCAFFERY | HOSKING LLP**
    1777 Botelho Drive, Suite 360

3   Walnut Creek, CA 94596-5084
    Telephone:    925.705.7358

4   Facsimile:    925.705.7131

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/13/2024 1:59 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Figlio, Deputy Clerk

5   Attorneys for Defendant FlixBus, Inc.

6           SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                 COUNTY OF LOS ANGELES

8

9   ESTATE OF JACKELINE CHAVEZ, by
and through its Successor-in-interest,
ELBA PARRA,

10                 Plaintiff,

11

12       v.

13   FLIXBUS, INC., and DOES 1 to 50,
inclusive,

14               Defendants.

Case No.   23STCV20361

**DEFENDANT FLIXBUS INC.'S ANSWER TO COMPLAINT**

**DEMAND FOR JURY TRIAL**

Action Filed:  8/24/2023
Trial Date:     Not Set

15

16        COMES NOW Defendant FLIXBUS, INC., and in answer to the complaint on file

17   herein, denies generally and specifically, each and every, all and singular, the allegations

18   contained therein.

19        AS AND FOR A FURTHER, SEPARATE ANSWER AND AFFIRMATIVE

20   DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

21        That the Complaint on file herein does not state facts sufficient to constitute causes of

22   action against this answering defendant.

23        AS AND FOR A SECOND SEPARATE AND AFFIRMATIVE DEFENSE, THIS

24   ANSWERING DEFENDANT ALLEGES:

25        That decedent Jackeline Chavez was careless and negligent in the premises

26   complained of which negligence proximately caused and contributed to her own injuries

27   and/or damages.

28   / / /

**McCAFFERY | HOSKING LLP**
1777 Botelho Drive, Suite 360
Walnut Creek, CA 94596-5084
925.705.7358

1

AS AND FOR A THIRD SEPARATE AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

Should plaintiff recover damages against any defendant, said defendant is entitled to have the amount abated, reduced or eliminated to the extent decedent Jackeline Chavez's negligence caused or contributed to her own injuries and damages, if any, in accordance with *Li v. Yellow Cab Co.*, 13 Cal.3d 804, 532 P.2d 1226 (1975) and Civil Code §1431.2, *et seq.*

AS AND FOR A FOURTH SEPARATE AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

The injuries and damages complained of by plaintiff, if any, were either in whole or in part directly and proximately caused by the conduct or negligence of persons and/or entities other than this defendant and said conduct or negligence eliminates or comparatively reduces the proportion of negligence and corresponding liability which may otherwise be attributed to this defendant.

AS AND FOR A FIFTH SEPARATE AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

That plaintiff's cause of action is barred or, alternatively, that plaintiff's damages, if any, are reduced by reason of plaintiff's and/or decedent's failure to mitigate damages, if any.

AS AND FOR A SIXTH SEPARATE AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

The complaint, and each cause of action therein, is barred in whole or in part by the applicable statute of limitations, as contained in Code of Civil Procedure §§335 through 343, inclusive.

WHEREFORE, this answering defendant prays judgment that plaintiff takes nothing by reason of the Complaint on file herein; that it be dismissed with costs of suit incurred herein, and for such other and further relief as the court may deem proper.

**DEMAND FOR JURY TRIAL**

Defendant FLIXBUS, INC. hereby demands a trial by jury.

**McCAFFERY | HOSKING LLP**
1777 Botelho Drive, Suite 360
Walnut Creek, CA 94596-5084
925.705.7358

DEFENDANT FLIXBUS, INC. ANSWER TO COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  February 13, 2024

**McCAFFERY | HOSKING LLP**

By:_____
     JEFFREY D HOSKING
     Attorneys for Defendant FLIXBUS, INC.

**McCAFFERY | HOSKING LLP**
1777 Botelho Drive, Suite 360
Walnut Creek, CA 94596-5084
925.705.7358

3

**PROOF OF SERVICE**
*Chavez v. FlixBus, Inc., et al.*
Los Angeles Superior Court Case No.:  **23STCV20361**

I am over the age of 18 and not a party to the within action; I am employed by McCaffery Hosking LLP, located at 1777 Botelho Drive, Suite 360, Walnut Creek, California 94596. My email address is awilliams@mhfirm.law.

On February 13, 2024, I served the foregoing document(s) described as

**DEFENDANT FLIXBUS INC.'S ANSWER TO COMPLAINT**

☐    by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐    **BY MAIL:** I placed said envelope(s) for mailing with the United States Postal Service, with postage fully prepaid.

☒    **BY ELECTRONIC SERVICE:** Pursuant to *Code of Civil Procedure* §1010.6(a), I caused the document(s) to be sent to the parties at the electronic notification addresses listed below.

Jonathan Seber, Esq.                Phone: 310-651-7438
Jim Bulger, Esq.                     Fax:  310-597-4707
Seber Bulger, LLP
280 S. Beverly Drive, Penthouse Suite        Email: jonathan@seberbulgerlaw.com
Beverly Hills, CA 90212

Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed February 13, 2024 at Walnut Creek, California.

Anna Williams

**McCAFFERY | HOSKING LLP**
1777 Botelho Drive, Suite 360
Walnut Creek, CA 94596-5084
925.705.7358

**PROOF OF SERVICE**

*Chavez v. FlixBus, Inc., et al.*

I am over the age of 18 and not a party to the within action; I am employed by McCaffery Hosking LLP, located at 1777 Botelho Drive, Suite 360, Walnut Creek, California 94596. My email address is awilliams@mhfirm.law.

On February 20, 2024, I served the foregoing document(s) described as

**NOTICE OF REMOVAL; CIVIL COVER SHEET; NOTICE OF INTERESTED PARTIES**

☐    by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐    **BY MAIL:**  I placed said envelope(s) for mailing with the United States Postal Service, with postage fully prepaid.

☒    **BY ELECTRONIC SERVICE:**  Pursuant to *Code of Civil Procedure* §1010.6(a), I caused the document(s) to be sent to the parties at the electronic notification addresses listed below.

Jonathan Seber, Esq.                        Phone: 310-651-7438
Jim Bulger, Esq.                              Fax:  310-597-4707
Seber Bulger, LLP
280 S. Beverly Drive, Penthouse Suite      Email: jonathan@seberbulgerlaw.com
Beverly Hills, CA 90212

Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed February 20, 2024 at Walnut Creek, California.

Anna Williams

CHAVEZ PROOF OF SERVICE

McCAFFERY | HOSKING LLP
1777 Botelho Drive, Suite 360
Walnut Creek, CA 94596-5084
925.705.7358