UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-01372-JLS-RAO                                   Date: February 28, 2024
Title:  Estate of Jackeline Chavez v. Flixbus, Inc., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Charles A. Rojas  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendant:

Not Present                                                Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

Plaintiff Elba Parra, on behalf of the Estate of Jackeline Chavez, initiated this action in Los Angeles County Superior Court on August 24, 2023, asserting claims for negligence.  (*See* Ex. A to Notice of Removal ("NOR"), Compl., Doc. 1.)  Defendant Flixbus, Inc. was served with the summons and complaint on January 22, 2024, and removed the action to federal court on February 20, 2024, invoking the Court's diversity jurisdiction.  (*See* NOR ¶ 2, 10, Doc. 1.)

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As the party invoking federal jurisdiction, Plaintiff has the burden of establishing that this case lies within the Court's limited jurisdiction.  *See id.*  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  Where a defendant removes on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading [*i.e.*, the plaintiff's state-court complaint] shall be deemed to be the amount in controversy."  28 U.S.C. § 1446; *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Here, Plaintiff's complaint does not demand any sum other than damages in an amount over $25,000 and does not provide a factual basis from which to determine an amount greater than that.  (*See* Ex. A to NOR, Civil Cover Sheet, Doc. 1.)  Where "the complaint does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-01372-JLS-RAO                                      Date: February 28, 2024
Title:  Estate of Jackeline Chavez v. Flixbus, Inc., et al.

controversy requirement by making a plausible assertion of the amount at issue in its notice of removal." *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023). Defendant's NOR features *no* assertions about the amount at issue other than the conclusion that, "upon information and belief the matter in controversy in this action exceeds $75,000."  (NOR ¶ 5.)  The Court cannot ascertain whether it has jurisdiction.

   Accordingly, Defendants are ORDERED to show cause, in writing (no longer than five (5) pages), **no later than March 4, 2024**, why the Court should not remand this action to state court for lack of subject matter jurisdiction.  Failure timely to respond will result in the immediate remand of the action.

                                                                                          Initials of Deputy Clerk: cr